IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO.: 3:21-cv-00446 |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| T.M.F. MOORESVILLE, LLC ) | **JURY TRIAL DEMAND** |
| d/b/a HAMPTON INN AND SUITES ) | |
| MOORESVILLE LAKE NORMAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to employees who were adversely affected by such practices. As pled with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Commission") alleges that Defendant T.M.F. Mooresville, LLC ("Defendant") engaged in race discrimination when it subjected Rhonda Kendrick ("Ms. Kendrick"), Jennifer Sipes ("Ms. Sipes"), Candice Sanders ("Ms. Sanders") and other similarly situated Caucasian employees to racial harassment, and when it created and maintained a racially hostile work environment because of their race, Caucasian. The Commission further alleges that Defendant discriminated against Ms. Kendrick by constructively discharging her.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Statesville Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, a North Carolina corporation, operates a Hampton Inn & Suites branded hotel in Mooresville, North Carolina.

5. At all relevant times, Defendant has continuously been doing business in the State of North Carolina and in the City of Mooresville and has continuously maintained at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Ms. Kendrick filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Ms. Kendrick's charge and participated in all aspects of the Commission's administrative investigation.

8. On May 12, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Parties engaged in conciliation but were not able to reach an agreement acceptable to the Commission.

10. On August 11, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. From at least in or around April 2017 through in or around October 2018, Defendant engaged in unlawful employment practices at its Mooresville, North Carolina facility in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-(2)(a). Specifically, Defendant subjected Ms. Kendrick, Ms. Sipes, Ms. Sanders, and other similarly situated Caucasian employees (collectively hereafter, the "Claimants") to unwelcome, severe or pervasive comments and conduct that created a hostile work environment at the facility

based on their race, Caucasian. Furthermore, Defendant's racially hostile work environment resulted in the constructive discharge of Ms. Kendrick's employment.

13. The racially offensive comments and conduct were committed by an African-American housekeeper (hereafter, the "Housekeeper") employed by Defendant.

14. From at least April 2017 through in or around October 2018, the Claimants were subjected to incidents of racial harassment which were severe and/or pervasive.

15. From at least April 2017 through in or around October 2018, the Housekeeper routinely called the Claimants racially derogatory names, and used racially derogatory language when speaking to or referring to Caucasian employees. For example:

  a. The Housekeeper routinely used the terms "white bitch", "white ho [whore]", and "white trash" when speaking to the Claimants or when speaking to others about the Claimants in the Claimants' presence.

  b. The Housekeeper routinely and in a hostile and disparaging manner used the term "white tree people" to refer to Caucasian employees who took breaks under a tree. The Housekeeper did not refer to employees of other races who took their breaks in the same location as "tree people."

16. From at least April 2017 through in or around October 2018, the Housekeeper was openly hostile toward Caucasian employees. For example:

  a. The Housekeeper frequently cursed at Caucasian employees, including the Claimants. Upon information and belief, the Housekeeper did not curse at employees of other races.

b. The Housekeeper chastised African-American employees for socializing with Caucasian employees, saying things like "I can't believe you are sitting with the white tree people."

17. From at least April 2017 through in or around October 2018, the Housekeeper interfered with and sabotaged the Claimants' work because of their race, Caucasian. For example:

a. After Ms. Kendrick was assigned to a Room Stripper position, the Housekeeper prevented Ms. Kendrick from performing her job duties and sabotaged her work by stripping the Housekeeper's own rooms before Ms. Kendrick could do so.

b. After Ms. Sipes was promoted to Inspector, the Housekeeper prevented Ms. Sipes from performing her job duties and sabotaged her work. By delaying inspection of her rooms until the end of the Housekeeper's shift, the Housekeeper caused Ms. Sipes to stay later than normal to inspect the rooms and perform additional work that otherwise should have been resolved by the Housekeeper before the Housekeeper left for the day.

c. After Ms. Sanders was promoted to Inspector, the Housekeeper refused to follow Ms. Sanders' direction, and refused to release the Housekeeper's cleaned rooms to allow Ms. Sanders to finish her inspection duties. The Housekeeper hid items in cleaned rooms so others checking Ms. Sanders' work would find the items and think that Ms. Sanders was not adequately inspecting the rooms.

18. Defendant's General Manager (herein after "General Manager") was aware of the Housekeeper's attempts to sabotage Ms. Sanders' work.

19. Ms. Kendrick altered her schedule and other aspects of her job duties to avoid the Housekeeper's hostility.

20. The racially derogatory comments and hostile conduct of the Housekeeper were unwelcomed by the Claimants.

21. The racial comments and/or conduct described herein created a hostile work environment for the Claimants because of their race, Caucasian.

22. The Housekeeper's racial comments and conduct toward the Claimants escalated in hostility and frequency throughout the Claimants' employment.

23. Defendant's General Manager directly supervised the Housekeeper.

24. The General Manager was present on at least one occasion when the Housekeeper referred to the Caucasian employees as "white tree people."

25. Defendant knew or should have known about the Housekeeper's racially hostile comments and/or conduct because each of the Claimants reported the offensive conduct to the General Manager on more than one occasion.

26. Defendant failed to take prompt and effective action to stop the racial harassment of the Claimants by the Housekeeper.

27. The Housekeeper's racially hostile comments and conduct continued after the Claimants complained to the General Manager.

28. On or about August 13, 2018, Ms. Kendrick complained to Defendant's Owner that the Housekeeper harassed her and called her racially derogatory names. The

Owner told Ms. Kendrick he was done with the conversation and did not permit Ms. Kendrick to continue.

29. Following the Owner's reaction to Ms. Kendrick's complaint, Ms. Kendrick realized no action would be taken to stop the racial harassment and that she would be required to continue to work in a racially hostile work environment.

30. As a result of the racial harassment and hostile work environment, Ms. Kendrick was forced to resign from her employment.

31. On or about August 13, 2018, Ms. Kendrick resigned from her employment.

32. The effect of the practices complained of above has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees, because of their race, Caucasian.

33. The Housekeeper's conduct and actions toward the Claimants created significant emotional distress and caused the Claimants to feel anxious, upset, and physically ill.

34. The unlawful employment practices complained of above were willful and intentional.

35. The unlawful employment practices complained of above were committed with malice or, at a minimum, with reckless indifference to the federally protected rights of the Claimants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a racially hostile work environment.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Caucasians and for persons who engage in protected opposition under Title VII, and which eradicate the effects of past and present unlawful employment practices.

D. Order Defendant to make Ms. Kendrick whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

E. Order Defendant to make the Claimants whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

F. Order Defendant to make the Claimants whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay to Claimants punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 25th day of August 2021.

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        GWENDOLYN YOUNG REAMS
        Acting General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, NE
        Washington, D.C. 20507

        MELINDA C. DUGAS
        Regional Attorney

        YLDA M. KOPKA
        Supervisory Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, N.C. 28202

        /s/ ***Zoë G. Mahood***
        ZOË G. MAHOOD
        N.C. Bar 21722

Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, N.C. 27601
Tel: (984) 275-4820
Email: Zoe.Mahood@eeoc.gov

*/s/ Samuel Harrington Williams*
SAMUEL HARRINGTON WILLIAMS
N.C. Bar No. 49622
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, N.C. 27601
Tel:  (984) 275-4820
Email:  Samuel.Williams@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**