IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-cv-00128

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION )
)
       **Plaintiff,** )
)
       **v.** )
)
T.M.F. MOORESVILLE D/B/A )
HAMPTON INN AND SUITES )
MOORESVILLE LAKE NORMAN, )
)
       **Defendant.** )

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Sections 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(t)(l) and ill ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that Defendant T.M.F. Mooresville d/b/a Hampton Inn and Suites Mooresville Lake Norman ("Defendant") subjected Rhonda Kendrick, Jennifer Sipes, Candice Sanders, Denise Sterrett, and other similarly situated Caucasian employees (collectively the "Claimants") to racial harassment when it created and maintained a racially hostile work environment because of their race, Caucasian. The Commission further alleges that

Defendant discriminated against Ms. Kendrick by constructively discharging her. Defendant denies all allegations and contends that it treats all employees fairly and without regard to race. The Commission and the Defendant (the "Parties") stipulate that this Court has personal and subject matter jurisdiction over this civil action and that the case is properly before this Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (I) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of *this* Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as set forth below.

Therefore, it is **ORDERED** that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in this Civil Action or the underlying administrative action, EEOC Charge No. 430-2018-02829 filed by Rhonda Kendrick.

2. The purpose and provisions of Title VII will be furthered by the entry of the Consent Decree, the terms of which constitute a fair and equitable settlement.

3. This Consent Decree constitutes the complete understanding between the parties with regard to the matters discussed herein.

## I. INJUNCTIVE RELIEF

4. Defendant is enjoined from discriminating against any person on the basis of race or any other protected category within the meaning of Title VII, including by creating or maintaining a racially hostile work environment, or by failing to correct racially harassing behavior in the workplace.

5. Defendant is enjoined from discriminating or retaliating against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

## II. MONETARY RELIEF

6. Within fifteen (15) calendar days of the entry of this Consent Decree, Defendant shall pay the sum of Sixty Thousand Dollars ($60,000.00) for alleged non-wage emotional distress damages (the "Settlement Payment"), and as consideration for a full and final settlement. Payment shall be made by Defendant issuing four separate checks subject to IRS Form 1099 requirements, whose payee names and monetary amounts shall be first timely provided to Defendant by the Commission. Defendant shall deliver the checks by overnight mail to the Claimants at the addresses provided by the Commission. The Settlement Payment is a debt owed to the United States of America and the United States is entitled to collect such debt if payment is not made in accordance with this Consent Decree.

7. Within ten (10) days of the delivery of Settlement Payment, Defendant shall e-mail to the Commission a copy of each check and proof of delivery.

8. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that the Claimants may or may not incur on such payments under local, state and/or federal law.

## III. NON-MONETARY RELIEF

9. By September 15, 2022, Defendant shall eliminate from the personnel files of Claimants any and all documents, entries, or references of any kind relating to the filing of EEOC Charge Number 430-2018-02829 and this litigation. By September 30, 2022, Defendant shall report compliance with this provision to the Commission.

### A. POLICY REVISION

10. By October 15, 2022, Defendant shall implement and distribute the revised Sexual and Other Harassment Policy attached as Exhibit A.

11. By October 15, 2022, Defendant's owner shall prepare, sign, and distribute to employees a letter addressed to Defendant's employees containing the following: (a) a statement that Title VII of the Civil Rights Act of 1964 prohibits discrimination and/or harassment based on race; (b) a statement that Defendant is distributing the letter and its revised Sexual and Other Harassment Policy (described in paragraph 10) by agreement with the Equal Employment Opportunity Commission; (c) a statement that any employee, including any Executive, Manager or Supervisor who is found to have engaged in racial harassment shall be subject to discipline, up to and including termination of

employment; (d) a statement that any Executive, Manager or Supervisor who fails to take appropriate action in accordance with Defendant's Sexual and Other Harassment policy (as described in paragraph 10) in response to an employee's complaint of harassment and/or discrimination shall be subject to discipline, up to and including termination of employment; and (e) a statement that no employee will be subjected to retaliation for making complaints of discrimination and/or harassment or for cooperating with any investigation into such conduct. The letter shall be signed by Defendant's owner. Defendant shall attach the revised Sexual and Other Harassment policy discussed in paragraph 10 to the above-described letter. By October 15, 2022, Defendant shall report its compliance with this paragraph to the Commission.

12. Defendant shall distribute to each current employee a copy of the revised Sexual and Other Harassment (as described in paragraph 10) by October 15, 2022. By October 30, 2022, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the revised Sexual and Other Harassment Policy to all new employees and review it with them at the time of hire.

13. During the term of this Consent Decree, Defendant shall post a copy of the revised Discrimination and Harassment Policy described in paragraph 10, *supra,* in all of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. By October 30, 2022, Defendant will post the policy and notify the Commission that it has been posted.

### B. ANTI-HARASSMENT TRAINING

14. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the policies attached as Exhibit A and shall also include the PowerPoint presentation conducted by the Defendant or its representative, attached as Exhibit B. The first training program shall be completed by October 15, 2022, and each subsequent training program shall be conducted by October 15 of each subsequent year during the term of this Decree. By November 15 of each year during the term of the Decree, Defendant shall certify to the Commission the specific training which was undertaken by sending to the Commission a list of employees who attended the training with their signatures attached.

15. Defendant shall cover the polices attached as Exhibit A with each new employee during the hiring process.

### C. POSTING OF NOTICE TO EMPLOYEES

16. By September 15, 2022, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C, hereby made a part of this Consent Decree, in a place where it is visible to employees at all its facilities.

17. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. By September 30, 2022, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

## D. COMPLIANCE REPORTS

18. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first report being due on November 15, 2022. The reports will include the following information:

    a. the identities of all individuals, if any, who have complained in writing pursuant to Section 2.4.5 of the revised Sexual and Other Harassment Policy of unwelcome conduct based on race, including conduct the individual believed to be racial harassment, or believed to be a violation of Defendant's policy referenced in Exhibit A. The "identity" of the individual should include the individual's name telephone number, address, and job title;

    b. a copy of the written complaint or text message;

    c. a detailed summary of the action taken by Defendant in response to any complaint made by any individual identified in response to paragraph 18.a.;

    d. for each individual identified in 18.a. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination of employment, demotion, promotion, or to part-time from full-time) since Defendant was notified of his or her complaint; and

    e. for each individual whose employment status has changed as identified in 18.d. above, a detailed statement explaining why the individual's employment status has changed.

    Defendant shall provide the social security number of an individual identified m

response to 18.a. within a reasonable time of a request by the Commission. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

19. The Commission may review compliance with this Consent Decree, which may include an inspection of Defendant's posted notices and an examination and copy of training materials with reasonable notice to the Defendant.

20. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have thirty (30) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of thirty (30) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

## IV. DURATION OF DECREE

21. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

## V. JURISDICTION

22. During the duration of this Decree, the Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The EEOC may seek Court-ordered enforcement of the Decree in the event of a breach of any provision herein.

## VI. NOTICES

23. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Dr. Chris Floyd at cofatp@gmail.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

24. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: EEOC-CTDO-decree-monitoring@eeoc.gov.

## VII. MISCELLANEOUS PROVISIONS

25. This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest. Defendant shall notify all such successors-in-interest of the existence and terms of this Decree.

26. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

Signed: August 24, 2022

Kenneth D. Bell
United States District Judge